No. 82 February 11, 2026 65

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. W.,
*Appellant.*

Washington County Circuit Court
25JU00769; A187768

Michele C. Rini, Judge.

Argued and submitted December 17, 2025.

Kyle Sessions Vazquez, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

In this juvenile dependency proceeding, mother contends that the trial court erred in denying mother's motion to continue the dependency hearing. The Oregon Department of Human Services (ODHS) served mother with an amended juvenile dependency petition one day before the trial on that petition was to begin. On the day of trial, mother moved for a continuance, stating only that "we are asking for additional time as interest[s] of justice require under" ORS 419B.872. The juvenile court denied the motion, concluding that nothing in the amended petition was "substantially different" from the initial petition. Mother on appeal contends that the juvenile court erred as a matter of law in construing ORS 419B.872. Because mother's argument on appeal is materially different than the one she raised below, we conclude that her claim is unpreserved and affirm.

The relevant facts are few. ODHS filed a juvenile dependency petition on February 18, 2025. That petition alleged:

- "The child is in need of structure and supervision that the mother has failed to provide, placing the child at risk of harm[;]" and

- "The mother lacks parenting skills necessary to meet the child's behavioral needs, placing the child at risk of harm."

A little over two months later, on April 25, 2025, ODHS amended that petition to allege a third allegation, that the "child is beyond the control of the parents" because the child "runs away, is assaultive, and/or engages in inappropriate communication via electronic devices with others, all of which presents a threat to the child's safety." ODHS served that amended petition on mother's former attorney who was no longer representing her in the proceedings.

The jurisdictional hearing was scheduled for May 8, 2025. The day prior, ODHS emailed the amended petition to mother's new attorney.

At the outset of the jurisdictional hearing, mother's counsel said that, because they had not received "actual notice"

of the amended allegation until the day prior, mother was "asking for additional time as interest[s] of justice require" under ORS 419B.872. In response, counsel for ODHS told the court that he had called mother's new attorney on May 1 and that "during that conversation, [they] discussed the amended petition, and [he] read that language from the petition." Counsel further explained that he included the amended language in an email to mother's counsel two days before the jurisdictional hearing and that the parties had discussed the amended language. After mother's counsel notified ODHS's counsel that he had not been served with the amended petition, counsel served him the day before the hearing.

As to the applicability of ORS 419B.872, ODHS's counsel argued that the facts underlying the original and amended petitions "are all identical" and "[u]ltimately, it's the same exact allegation." The court agreed, concluding that the amended allegation was similar to the original allegation, simply "flipped in a different direction." The court concluded that the amended allegation "has been bandied about and talked about since day one. This is no surprise, so the motion is denied. It's the same set of witnesses, the same set of issues, so it's nothing substantially different[.]" Counsel for mother made no further argument.

On appeal, mother contends that the juvenile court erred in denying her motion for additional time. She raises a single argument: "[T]he only proper legal conclusion that [the] court could have reached" was to grant mother's motion for additional time, and its failure to do so violated mother's statutory rights under ORS 419B.875 and due process rights under the Fourteenth Amendment to the United States Constitution. Mother notes that the juvenile court's denial of her motion deprived her of her right to "research the relevant law, gather evidence, produce witnesses, cross-examine witnesses as to pertinent facts, preserve issues for appeal, and otherwise prepare her defense" to the amended allegation.

ORS 419B.872(2) contemplates that not every amendment of a dependency petition will necessarily require additional time to prepare to defend against the petition, providing that, when an "amendment results in a substantial departure from the facts originally alleged, the

[juvenile] court shall grant such continuance as the interests of justice may require." That statute calls upon the court to exercise its discretion in evaluating the circumstances and determining whether additional time is needed to ensure a fundamentally fair proceeding. *See Dept. of Human Services v. E. L. P.*, 336 Or App 751, 756, 562 P3d 303 (2024) (holding that we generally review the denial of a request for a continuance for abuse of discretion).

We conclude that mother's claim of error is unpreserved because her argument is materially different than the argument she raised below. To be sure, she asked the juvenile court for additional time "as interest[s] of justice require." But beyond that bare request, mother did not explain why justice required more time. She did not suggest, as she did at oral argument before this court, that she needed additional time to seek the child's cell phone records or interview particular witnesses that she had deemed unnecessary prior to the amendment. Nor did mother challenge ODHS's factual representations and legal arguments after ODHS explained to the juvenile court why additional time was unwarranted on the particular facts. And at no point did mother suggest, as she does on appeal, that the juvenile court was misapplying the relevant statute and denying mother her statutory and due process rights. In asking the juvenile court to exercise its discretion to grant her additional time in light of the amended allegation, it was incumbent on mother to raise to the court why that additional time was needed under the particular circumstances. *See State v. Steltz (A149320)*, 259 Or App 212, 216, 313 P3d 312 (2013), *rev den*, 354 Or 840; 355 Or 751 (2014) (a brief and general objection is not sufficient to preserve a more specific argument on appeal). Here, she did not do so, and we cannot say that the purposes of preservation—apprising the court and parties of the issue and giving the court an opportunity to correct any potential error—were satisfied. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (explaining that the policy reasons underlying the rule of preservation are procedural fairness to the opposing parties, development of a full record to facilitate review, and promotion of judicial efficiency).

Affirmed.